
JUDGE ANDERSEN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAGISTRATE JUDGE KEYS

04C 7282

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| Sears, Roebuck & Company | ) ) ) |
| Defendant | ) ) |

CIVIL ACTION NO.

COMPLAINT

JURY TRIAL DEMAND

DOCKETED NOV 1 0 2004

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices. The Equal Employment Opportunity Commission ("EEOC") alleges that Sears Roebuck & Company terminated the employment of John Bava on account of his disability rather than accommodating him by extending his leave or returning him to work in an available position which he could have performed, and, further, discriminated against a class of individuals (including but not limited to John Bava) with disabilities by maintaining an inflexible one year leave policy which did not provide for reasonable accommodation and which instead provided for termination of employment, all in violation of the ADA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which

Page 1 of 6

incorporates by reference Section 706 and Section 707 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5, and § 20000e-7.

2. The employment practices alleged to be unlawful were committed within the State of Illinois and elsewhere where Sears does business in the United States.

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3), 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Sears, Roebuck & Comapny ("Sears") was doing business in the State of Illinois and had at least 15 employees.

5. At all relevant times, Sears was an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Sears was a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, John Bava filed a Charge of Discrimination with the EEOC alleging violations of Title I of the ADA by Sears. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. In 2001 and 2002 Sears terminated the employment of John Bava, an employee with disabilities, rather than accommodating him by extending his leave or by returning him to work in an available position which he could have performed in violation of Sections 102(a) and102(b)(3)(a) and (b)(5) and of Title I of the ADA, 42 U.S.C. §§ 12112(a) and 12112(b)(3)(A) and (b)(5).

9. The effect of the practices complained of in paragraph 8 above has been to deprive John Bava of equal employment opportunities and otherwise adversely affect his status as as an employee because of his disabilities.

10. The unlawful employment practices complained of in paragraph 8 above were intentional.

11. The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of John Bava.

12. Since at least 2002, Sears has maintained an inflexible worker's compensation one year leave policy which does not provide for reasonable accommodation of employees with disabilities and which instead provides for termination of their employment, in violation of Sections 102(a) and102(b)(3)(A) and (b)(5) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and 12112(b)(3)(A) and (b)(5).

13. The effect of the practices complained of in paragraph 12 above has been to deprive a class of disabled employees of equal employment opportunities and otherwise adversely affect their status as employees because of their disabilities.

13. The unlawful employment practices complained of in paragraph 12 above were intentional.

14. The unlawful employment practices complained of in paragraph 12 above were done with malice or with reckless indifference to the federally protected rights of a class of disabled employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Sears, its officers, successors, ssigns, and all persons in active concert or participation with it from engaging in employment practices which discriminate on the basis of disability.

B. Order Sears to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of the unlawful employment practices of Sears.

C. Order Defendant to make whole John Bava by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

D. Order Defendant to make whole John Bava by providing compensation for past and future pecuniary losses resulting from his unlawful termination, including, but not limited to, job search expenses;

E. Order Sears to make whole John Bava by providing compensation for nonpecuniary losses resulting from the unlawful practices complained of in paragraph 8 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Sears to pay John Bava punitive damages for its malicious and reckless conduct, as described in paragraph 8 above, in an amount to be determined at trial.

G. Order Defendant to make whole a class of disabled individuals by providing them appropriate back pay with pre-judgment interest, in amounts to be determined at

trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

H.   Order Defendant to make whole a class of disabled individuals by providing them compensation for past and future pecuniary losses resulting from his unlawful termination, including, but not limited to, job search expenses;

I.   Order Sears to make whole a class of disabled individuals by providing compensation for nonpecuniary losses resulting from the unlawful practices complained of in paragraph 12 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

J.   Order Sears to pay a class of disabled individuals punitive damages for its malicious and reckless conduct, as described in paragraph 12 above, in an amount to be determined at trial.

K.   Grant such further relief as the Court deems necessary and proper in the public interest.

L.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

ERIC DREIBAND
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

Equal Employment Opportunity Commission
1800 L Street, N.W.
Washington, DC 20507

_____
John C. Hendrickson
Regional Attorney

_____
Gregory Gochanour
Supervisory Trial Attorney

_____
Ethan M. M. Cohen
Trial Attorney

_____
Aaron DeCamp
Trial Attorney

Ethan M. M. Cohen
Equal Employment Opportunity Commission
Chicago District Office
500 West Madison Street, Suite 500
Chicago, Illinois 60661
(312) 353-7568

JUDGE ANDERSEN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

MAGISTRATE JUDGE KEYS

# Civil Cover Sheet 04C 7282

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

**Plaintiff(s):** United States Equal Employment Opportunity Commission

**County of Residence:**

**Plaintiff's Atty:** Aaron R. DeCamp
EEOC
500 W. Madison, Suite 2800
312-353-7582

**Defendant(s):** Sears, Roebuck & Company

**County of Residence:** Cook

**Defendant's Atty:**

04 NOV 10 PM 12: 55
CLERK U.S. DISTRICT COURT
FILED FOR DOCKETING ED-7

**II. Basis of Jurisdiction:** 1. U.S. Gov't Plaintiff

**III. Citizenship of Principal Parties**
(Diversity Cases Only)
Plaintiff:- N/A
Defendant:- N/A

**DOCKETED**
**NOV 1 0 2004**

**IV. Origin:** 1. Original Proceeding

**V. Nature of Suit:** 442 Employment

**VI. Cause of Action:** Section 107(a) of the ADA, 42 U.S.C. Sec. 12101 et sec. EEOC alleges that Sears discriminated against a class of employees by terminating them at the end of a period of leave rather then accommodating them.

**VII. Requested in Complaint**
Class Action: No
Dollar Demand:
Jury Demand: Yes

**VIII.** This case **IS NOT** a refiling of a previously dismissed case.

**Signature:** _Aaron R. DeCamp_ (signature)
**Date:** 11/10/04

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.** Revised: 06/28/00

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

In the Matter of Equal Employment Opportunity Commission ("EEOC") v. Sears Roebuck & Co.

**JUDGE ANDERSEN**
**MAGISTRATE JUDGE KEYS**

Case Number: **04C 7282**

DOCKETED NOV 1 0 2004

04 NOV 10 PM 12:55 CLERK U.S. DISTRICT COURT

FILED FOR DOCKETING

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Plaintiff, EEOC

| (A) | (B) |
|---|---|
| SIGNATURE [signed] | SIGNATURE [signed] |
| NAME John Hendrickson | NAME Gregory Gochanour |
| FIRM EEOC | FIRM EEOC |
| STREET ADDRESS 500 W. Madison, Suite 2800 | STREET ADDRESS 500 W. Madison, Suite 2800 |
| CITY/STATE/ZIP Chicago, IL 60661 | CITY/STATE/ZIP Chicago, IL 60661 |
| TELEPHONE NUMBER (312) 353-8551 | TELEPHONE NUMBER (312) 886-9124 |
| IDENTIFICATION NUMBER A.R.D.C. No. 1187583 | IDENTIFICATION NUMBER A.R.D.C. No. 06210804 |
| MEMBER OF TRIAL BAR? YES [X] NO [ ] | MEMBER OF TRIAL BAR? YES [X] NO [ ] |
| TRIAL ATTORNEY? YES [X] NO [ ] | TRIAL ATTORNEY? YES [X] NO [ ] |
| | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |

| (C) | (D) |
|---|---|
| SIGNATURE [signed] | SIGNATURE [signed] |
| NAME Ethan M. M. Cohen | NAME Aaron DeCamp |
| FIRM EEOC | FIRM EEOC |
| STREET ADDRESS 500 W. Madison, Suite 2800 | STREET ADDRESS 500 W. Madison, Suite 2800 |
| CITY/STATE/ZIP Chicago, IL 60661 | CITY/STATE/ZIP Chicago, IL 60661 |
| TELEPHONE NUMBER (312) 353-7568 | TELEPHONE NUMBER (312) 353-8561 |
| IDENTIFICATION NUMBER A.R.D.C. No. 06206781 | IDENTIFICATION NUMBER A.R.D.C. No. 06282725 |
| MEMBER OF TRIAL BAR? YES [ ] NO [ ] | MEMBER OF TRIAL BAR? YES [ ] NO [X] |
| TRIAL ATTORNEY? YES [ ] NO [ ] | TRIAL ATTORNEY? YES [X] NO [ ] |
| DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |