IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

*FILED*

*JAN 10 2005*

*MICHAEL W. DOBBINS*
*CLERK, U.S. DISTRICT COURT*

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04 C 7282 |
| vs. | ) | |
| | ) | Judge Wayne Andersen |
| SEARS, ROEBUCK AND CO., | ) | Magistrate Judge Keys |
| | ) | |
| Defendant. | ) | |

## NOTICE OF MOTION

To:   Ethan M. M. Cohen
      Aaron DeCamp
      Equal Employment Opportunity Commission
      Chicago District Office
      500 West Madison Street
      Suite 500
      Chicago, IL 60661

**PLEASE TAKE NOTICE** that on **Thursday, January 20, 2005 at 9:00 a.m.** or as soon thereafter as counsel may be heard, we shall appear before Judge Andersen in Room 1403 of the Federal Dirksen Building, 219 South Dearborn Street, Chicago, Illinois and then and there present **Sears' Motion To Dismiss The Complaint** and **Sears' Memorandum Of Law In Support Of Its Motion To Dismiss The Complaint**, copies of which are attached hereto.

Respectfully submitted,

SONNENSCHEIN NATH & ROSENTHAL LLP

One of the Attorneys for Defendant Sears Roebuck
And Co.

Deborah A. Devaney (No. 624101)
Jeffrey S. Goldman (No. 0993654)
Lisa Z. Fain (No. 6272197)
Sonnenschein Nath & Rosenthal LLP
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
14416031

## CERTIFICATE OF SERVICE

I, Deborah A. Devaney, an attorney, hereby certify that I have caused a copy of the foregoing Notice of Motion to be served upon:

Ethan M. M. Cohen
Aaron DeCamp
Equal Employment Opportunity Commission
Chicago District Office
500 West Madison Street
Suite 500
Chicago, IL 60661

via messenger this 10th day of January, 2005.

Deborah A. Devaney

- 2 -

**FILED**

JAN 1 0 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SEARS, ROEBUCK AND CO., )<br>)<br>Defendant. ) | No. 04 C 7282<br><br>Judge Wayne Andersen<br>Magistrate Judge Keys |

## SEARS' MOTION TO DISMISS THE COMPLAINT
## AND SUGGESTED BRIEFING SCHEDULE

Sears, Roebuck and Co. ("Sears"), through its attorneys, moves under Fed. R. Civ. P. 12(b)(6) to dismiss the Complaint for failure to state a claim upon which relief can be granted. In support of its Motion, Sears submits a Memorandum of Law and states as follows:

1.      The EEOC has brought this action pursuant to Section 107(a) of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12117(a), on behalf of John Bava and a purported class of disabled individuals.

2.      In its Complaint, the EEOC alleges that Sears' Workers Compensation Leave Policy, under which an employee is let go if he cannot return to work after a year-long leave, violates the ADA because it adversely affects their status as employees on account of their disabilities.

3.      The Complaint as alleged fails to state a claim upon which relief can be granted. The Complaint fails to allege the essential elements of an ADA claim, including the allegation that John Bava and the class members are "qualified individuals with disabilities" within the meaning of the ADA.  Moreover, as a matter of law, the Complaint cannot state a viable ADA claim, as the class members are not "qualified individuals with disabilities" within the meaning



of the ADA, and the accommodation the EEOC seeks to impose is not required or reasonable under the ADA.

4.      Counsel for the EEOC and Sears propose the following briefing schedule:  The EEOC will file its response on January 31, 2005 and Sears will file its reply on February 14, 2005.

WHEREFORE, Sears, Roebuck and Co. requests that this Court dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

One of the attorneys for Sears, Roebuck and Co.

Jeffrey S. Goldman (No. 0993654)
Deborah A. Devaney (No. 624101)
Lisa Z. Fain (No. 6272197)
Sonnenschein Nath & Rosenthal LLP
8000 Sears Tower
Chicago, Illinois 60606
(312) 876-8000

14415634

## CERTIFICATE OF SERVICE

I, Deborah A. Devaney, an attorney, hereby certify that I have caused a copy of the foregoing Sears' Motion To Dismiss The Complaint And Suggested Briefing Schedule to be served upon:

> Ethan M. M. Cohen
> Aaron DeCamp
> Equal Employment Opportunity Commission
> Chicago District Office
> 500 West Madison Street
> Suite 500
> Chicago, IL 60661

via messenger this 10th day of January, 2005.

_____
Deborah A. Devaney

**FILED**

**JAN 1 0 2005**

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04 C 7282 |
| vs. | ) | |
| | ) | Judge Wayne Andersen |
| SEARS, ROEBUCK AND CO., | ) | Magistrate Judge Keys |
| | ) | |
| Defendant. | ) | |

**DOCKETED**

**JAN 11 2005**

## SEARS' MEMORANDUM OF LAW IN SUPPORT
## OF ITS MOTION TO DISMISS THE COMPLAINT

### IN BRIEF

In its Complaint, the EEOC takes aim at Sears' Workers Compensation Leave Policy. The EEOC alleges that Sears' Policy, under which an employee is let go if he cannot return to work after a year-long leave, violates the Americans With Disabilities Act ("ADA") because it does not provide for more leave time.

The bare bones class Complaint fails to allege many of the essential elements of an ADA claim. The ADA only protects "qualified individuals" with certain disabilities who can perform the essential functions of their jobs, with or without reasonable accommodation. Yet, in its Complaint, the EEOC fails to allege that any member of the class on whose behalf it brings this action suffered from a disability within the meaning of the Act or could perform the essential functions of his job. Rather, the EEOC merely alleges that the charging party and the putative class members were "employees with disabilities." This is not enough to invoke the protections of the ADA.

It is apparent on the face of the Complaint that as a matter of law, the EEOC cannot allege a sufficient ADA claim. By definition, the putative class members are not "qualified

individuals" because they could not return to work even after a year off. Moreover, the ADA does not contemplate, much less require, the accommodation that the EEOC seeks to impose on Sears. The Seventh Circuit has been very clear that disabled employees who are not able to work are neither protected by the ADA nor entitled to an indefinite or extensive medical leave. Under established case law in this Circuit and elsewhere, the EEOC has not and cannot allege facts sufficient to state a claim under the ADA. Accordingly, the Complaint should be dismissed.

## THE ALLEGATIONS IN THE COMPLAINT

Taken as true for purpose of this Motion only, the Complaint alleges that at least since 2002, Sears has maintained an inflexible workers compensation one-year leave policy. (Compl., Par. 12). As to John Bava, the charging party in the underlying administrative charge, the Complaint alleges that he was an "employee with disabilities." (Compl., Par. 8). Sears terminated him, it is alleged, and did not accommodate him by extending his leave or by returning him to work in an available position which he could have performed. (*Id.*) The Complaint does not reveal the nature of Bava's alleged disabilities or his job. Nor does it allege that those disabilities fall within the scope of the ADA or substantially limited one or more of Bava's major life activities. It is not alleged that Bava was a qualified individual able to perform the essential functions of his job, with or without reasonable accommodation. Moreover, the Complaint does not allege the nature of Bava's leave or even that he was terminated pursuant to the workers compensation leave policy that is the subject of the Complaint. Although the Complaint alleges that Sears did not accommodate Bava, it does not allege that Bava requested an accommodation or was able to perform any job.

As to the class, the Complaint alleges that the leave policy provides for termination of employment after a year instead of "reasonable accommodation of employees with disabilities." (Compl., Par. 12). As with the allegation regarding John Bava, the class allegation does not

- 2 -

allege the nature of the disabilities, that those disabilities are covered by the scope of the ADA or that those disabilities substantially impaired any major life activities of the class members. There is no allegation, moreover, that the class members were qualified individuals able to perform the essential functions of their jobs. While the Complaint alleges that Sears did not accommodate the class members, there is no allegation that there was a reasonable accommodation that could have been given or that any class member requested an accommodation.

The Complaint seeks far-reaching equitable relief, compensatory damages and punitive damages.

## THE LEGAL STANDARD

On a Motion to Dismiss, the court accepts as true all well-pleaded factual allegations in the Complaint, and draws all reasonable inferences in favor of the plaintiff. *Prince v. Rescorp Realty*, 940 F.2d 1104, 1106 (7th Cir. 1991). The court may dismiss the Complaint only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), 78 S.Ct. 99, 101-102; *Green v. City of Chicago*, 1999 WL 1144950 (N.D. Ill. Oct. 8, 1999).

Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Lesley v. Ill. Dep't Cent. Mgmt. Servs.*, 2004 WL 2921872, *1 (N.D. Ill. Dec. 14, 2004). Under the current notice pleading standard in federal courts, a plaintiff "needs to plead facts that, if true, establish each element of a cause of action." *Id.* A court may dismiss a claim on a Rule 12(b)(6) motion to dismiss if the plaintiff pleads sufficient facts to show that the plaintiff's suit is without merit. *Long v. Chicago Transit Auth.*, 979 F. Supp. 1214, 1216 (N.D. Ill. 1997). Indeed, the "plaintiff may plead himself out of court by pleading facts sufficient to establish that he has no legal claim." *Id.*

## ARGUMENT

## I.    THE COMPLAINT FAILS TO STATE THE ESSENTIAL ELEMENTS OF AN ADA CLAIM.

The Seventh Circuit long has recognized that there are outer limits to the protections afforded by the ADA. The ADA "protects an important but finite universe of people." *EEOC v. Yellow Freight Sys., Inc.*, 253 F.3d 943, 952 (7th Cir. 2001). It does not protect everyone with an impairment, *Waggoner v. Olin Corp.*, 169 F.3d 481, 484 (7th Cir. 1999), and it does not protect an employee from being fired because of illness, *Christian v. St. Anthony Med. Ctr., Inc.*, 117 F.3d 1051, 1053 (7th Cir. 1997). Nor is a totally disabled individual entitled to relief under the ADA. *See EEOC v. CNA Ins. Cos.*, 96 F.3d 1039 (7th Cir. 1996).

What the ADA prohibits is discrimination against a "qualified individual with a disability because of the disability of such individual ... ." 42 U.S.C. §12112(a). Disabilities covered by the Act are those physical or mental impairments that substantially limit one or more major life activities. 42 U.S.C. §12102(2)(A). The term "qualified individual with a disability" means an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the job. 42 U.S.C. §12111(8).

In order to state a claim under the ADA, a plaintiff must allege facts showing that (1) his claimed disability substantially limits one or more of his life activities; (2) he is qualified, i.e. can perform the essential functions of his job, with or without reasonable accommodation; and (3) he suffered an adverse employment action because of the alleged disability. *Long v. Chicago Trans. Auth.*, 979 F. Supp. 1214, 1216 (N.D. Ill. 1997).

In the absence of those elements, the courts have not hesitated to dismiss complaints brought under the ADA. *See Tindle v. Carry Cos. Of Ill.*, 1996 WL 131708, *2 (N.D. Ill. March 20, 1996) (complaint dismissed for failure to allege plaintiff was able to perform his essential job functions); *Levar v. Freeman Decorating Co.*, 1995 WL 535129, *2 (N.D. Ill. Sept. 1, 1995)

(complaint dismissed for failure to allege the functions of the position and that plaintiff was able to perform those functions); *Long v. Chicago Trans. Auth.*, 979 F. Supp. 1214, 1216-17 (N.D. Ill. 1997) (complaint dismissed for failure to allege facts showing plaintiff was a qualified individual with a disability); *Collins v. OSF Healthcare Sys.*, 262 F. Supp. 2d, 959, 964 (C.D. Ill. 2003) (complaint dismissed for failure to allege plaintiff was disabled within the meaning of the ADA or otherwise substantially limited in a major life activity); *Pierce v. United Parcel Serv.*, 2002 WL 992624 (N.D. Ill. May 15, 2002) (*pro se* complaint dismissed for failure to identify the disability that was the basis of plaintiff's firing).

*Tindle* is instructive in this case. There, a truck driver was discharged following a minor accident that he claimed was due to a previous hand injury. The court dismissed the complaint, holding that the plaintiff failed to allege any facts showing that his disability substantially limited one or more of his life activities or that he was able to perform his essential job functions. *Id.* at *2. The court also found that because the plaintiff alleged that his employer failed to make a reasonable accommodation, he must also allege that a reasonable accommodation -- one enabling him to perform the essential functions of his job -- is possible. *Id.* at *3.

The sum total of the EEOC's claim on behalf of John Bava and the so-called class is that they are all "employees with disabilities" who were terminated at the end of a year when they did not return to work. That allegation is hardly sufficient, even under the notice pleading standard of Fed. R. Civ. P. 8(a). As to the individual allegation, the Complaint fails to set forth the essential elements of an ADA claim. The Complaint fails to identify John Bava's disability, allege that his disability impaired a major life activity, and allege that he was a qualified individual able to perform the essential functions of his job. Even though the Complaint alleges that Sears failed to accommodate Bava, there is no allegation that he requested an accommodation or that any accommodation would have enabled him to work.

-5-

The class allegation fares no better. The Complaint does not allege the nature of the class members' disabilities or even that those disabilities fall within the protection of the ADA. As with Bava, there is no allegation that the class members were qualified individuals able to perform the essential functions of their job. Moreover, the Complaint does not specify that a reasonable accommodation was requested or was even possible.

These are critical omissions. If the class members are not able to perform the essential functions of their jobs, they are not covered by the ADA. Moreover, if Bava was totally disabled under Sears' Workers Compensation Policy, he (and the EEOC standing in his shoes) has no standing to pursue the case. *EEOC v. CNA Ins. Cos.*, 96 F.3d 1039 (7th Cir. 1996); *Parker v. Metro. Life Ins. Co.*, 875 F. Supp. 1321, 1326 (W.D. Tenn. 1995), *aff'd* 121 F.3d 1006 (6th Cir. 1997). The EEOC has not made the required good-faith allegations necessary to invoke the protections afforded by the ADA. The Complaint should be dismissed for failure to plead any facts that establish the elements of an ADA claim.

## II. AS A MATTER OF LAW, THE COMPLAINT CANNOT STATE A CLAIM UNDER THE ADA.

This is not just a case of deficient pleading. On the face of the Complaint, it is apparent that there is no set of facts the EEOC can allege which would state a claim under the ADA. First, neither Bava nor the members of the alleged class can be "qualified individuals" within the meaning of the Act. Second, the accommodation suggested by the EEOC is neither required nor reasonable as a matter of law. Where, as here, it is apparent from the face of the Complaint that the plaintiff has no legal claim, the Complaint should be dismissed. *Long v. Chicago Trans. Auth.*, 979 F. Supp. at 1216.

### A. The Employees Are Not Qualified Individuals Protected By The ADA.

It is no accident that missing from the Complaint is the allegation that Bava and the class members are qualified individuals able to perform their jobs. By definition, they could not

perform their job functions because they could not come back to work at the end of a year's leave of absence. It is not sufficient to argue that with an open-ended leave, they may some day become qualified individuals. There is no obligation to accommodate employees who cannot perform the essential functions of the job. *Beauford v. Father Flanagan's Boys' Home*, 831 F.2d 768, 771 (8th Cir. 1987); *Parker v. Metro. Life Ins. Co.*, 875 F. Supp. 321, 326 (W.D. Tenn. 1995) *aff'd* 121 F.3d 1006 (6th Cir. 1997). It is at the time of the adverse employment decision that the determination as to whether the individual is a "qualified individual" is made. *Long v. Chicago Trans. Auth.*, 979 F. Supp. at 1218. At the time the employees in this case were terminated, they could not return from their extensive leaves and, therefore, were not "qualified individuals." (Compl., Pars. 8, 12).

The Seventh Circuit repeatedly has held that regular attendance is an essential function of a job. *Jovanovic v. In-Sink-Erator*, 201 F.3d 894, 899 (7th Cir. 2000). Those who cannot work are not qualified individuals able to perform the essential functions of the job. *Waggoner v. Olin Corp.*, 169 F.3d 481, 483 (7th Cir. 1999); *Nowak v. St. Rita High School*, 142 F.3d 999 (7th Cir. 1998). In *Nowak*, the Seventh Circuit affirmed summary judgment for the employer in a case brought by a high school teacher who was terminated after 18 months on leave. The teacher did not return, nor did he indicate any intention of returning. The court held that the teacher did not establish that he was a "qualified individual with a disability." *Id.* at 1004. As the court observed, "[a]n employee who does not come to work cannot perform the essential functions of his job." *Id.* at 1003.

An extended leave of absence is considered to be powerful evidence that the employee is not a "qualified individual." *See Byrne v. Avon Products, Inc.*, 328 F.3d 379, 381 (7th Cir. 2003) ("the plaintiff's only proposed accommodation is not working for an extended time, which as far as the ADA is concerned confesses that he was not a 'qualified individual.'"). In its Complaint,

- 7 -

the EEOC alleges that after a year on leave, Bava and the others needed more accommodation. (Compl., Pars. 8, 12). Thus, it is apparent on the facts alleged that Bava and the class members were not ready to return and could not perform the essential functions of the job. Consequently, they are not protected by the ADA.

**B.    Sears Has No Obligation To Further Accommodate The Employees Who Cannot Return From Leave.**

No reasonable accommodation will convert the employees who are out on workers compensation leave into "qualified individuals" within the meaning of the ADA. It bears noting that the Complaint does not allege that the leave policy was not uniformly applied. Nor is it alleged that Sears failed to return the employees to work with some type of accommodation before the year leave period was up. Rather, the Complaint only alleges that Sears owed the employees who could not return by a year's end some additional accommodation. The inference from these skeletal allegations is that Sears either should have found the employees new jobs or extended their leave beyond a year. Neither action is required.

The allegation pertaining to John Bava contains the implicit suggestion that Sears should have found him an alternative job. There is, however, no allegation that Bava could perform an alternative job, much less his own job. It is well settled that an employer need not provide an alternative position when the employee is otherwise unable to perform the essential functions of his job. *Tindle,* 1996 WL 131708, *2 ("To the extent the plaintiff contemplates an accommodation as requiring anything other than an arrangement allowing him to perform his job, he has not alleged that he has a qualified disability under the ADA.").

The allegation that Sears owed Bava a different job is not carried over to the class allegation. The crux of the class claim appears to be that Sears owed these employees indefinite leave beyond a year. The case law could not be more clear that Sears owes no such accommodation. The Seventh Circuit, as well as the vast majority of the other Circuit Courts of

- 8 -

Appeal that have addressed this issue, have held that any medical leave given as an accommodation must be short in duration and must enable the employee to perform the essential functions of his job. The leave proposed in the Complaint meets neither requirement.

It is well settled that the ADA does not require an employer to accommodate an employee who suffers a prolonged illness by allowing him an indefinite leave of absence. *Nowak v St. Rita High School*, 142 F.3d 999 (7th Cir. 1998). Nor is an employer obligated to provide an employee the accommodation he requests or prefers. *EEOC v. Yellow Freight Sys. Inc.*, 253 F.3d 943, 951 (7th Cir. 2001). The Seventh Circuit repeatedly has found an indefinite leave to be unreasonable as a matter of law. *Nowak v. St. Rita High School*, 142 F.3d at 999 (eighteen month leave request not reasonable); *Byrne v. Avon Products, Inc.*, 328 F.3d 379, 381 (two month leave request not reasonable); *Waggoner v. Olin Corp.*, 169 F.3d 481, 485 (missing work whenever employee felt she needed to not reasonable); *EEOC v. Yellow Freight System*, 253 F.3d 943 (request for unlimited sick days not reasonable).

The Seventh Circuit's position is in accord with almost every appellate court that has addressed the issue. For example, very recently in *Fogleman v. Greater Hazleton Health Alliance*, No. 03-4413, 2004 WL 2965392 (3d Cir. Dec. 23, 2004) (unpublished), the Third Circuit affirmed summary judgment for an employer who terminated the plaintiff for excessive absenteeism. The employee filed a workers compensation claim and argued that the employer should have accommodated her by giving her time off from work for treatment. The court found her request to be unreasonable because the requested leave was for an indefinite and open-ended period of time. An indefinite leave, the court reasoned, is not a reasonable accommodation where there is no favorable prognosis or expected duration. *Id.* at *3.

Similarly, in *Gantt v. Wilson Sporting Goods Co.*, 143 F.3d 1042 (6th Cir. 1998), the Sixth Circuit affirmed summary judgment in a case brought by a disabled plaintiff who had been

terminated pursuant to a one-year leave policy. The court upheld the leave policy because it had been uniformly applied. The court also found that the employer had no duty to accommodate the plaintiff, as she never requested an accommodation and indicated she did not know when she would be able to return to work. Reasonable accommodation, the court held, "does not require the employer to wait indefinitely for an employee's medical condition to be corrected." *Id.* at 1047.

In *Rogers v. Int'l Marine Terminals Inc.*, 87 F.3d 755 (5th Cir. 1996), the Fifth Circuit affirmed summary judgment for the employer in a case brought by a plaintiff with severe ankle problems. The court found that (1) the plaintiff was not a qualified individual with a disability because he was not able to attend work at the time he was terminated and (2) the employer was not required to accommodate him by allowing him to enjoy indefinite leave. The only reasonable accommodation, the court concluded, is one that presently or in the near future enables the employee to perform the essential functions of the job. *Id.* at 759-760.

The Eleventh Circuit reached the same result in *Duckett v. Dunlop Tire Corp.*, 120 F.3d 1222 (11th Cir. 1997). There, the court affirmed summary judgment for the employer in a case brought by an employee terminated ten months into a twelve-month leave under the employer's salary continuation program. The court held that the employer was not required to extend the plan for the final two months because there was no indication that the doctor would allow the employee to return to work in any capacity. *Id.* at 1226.

In *Boykin v. ATC/Vancom of Colo.*, 247 F.3d 1061 (10th Cir. 2001), the Tenth Circuit affirmed summary judgment for the employer in a case brought by a bus driver who argued that the employer had to offer him a different position six months after his termination. The court rejected the argument, relying on the wealth of authority holding that employers are not obligated to retain a disabled employee on unpaid leave indefinitely or for an excessive amount

of time. *Id.* at 1065.

Finally, in *Myers v. Hose,* 50 F.3d 278 (4th Cir. 1995), the Fourth Circuit affirmed summary judgment for an employer in a case brought by a bus driver who claimed that he should have been given time to cure his disability. The court concluded that nothing in the ADA requires the employer to wait an indefinite period for the accommodation to achieve its intended effect. *Id.* at 283. *See also Shafnisky v. Bell Atlantic, Inc.,* 2002 WL 31513551 (E.D. Pa. Nov. 5, 2002) (medical leave policy under which an employee is terminated following an extended absence from work is a legitimate reason for employment action); *Micari v. TWA,* 43 F. Supp. 2d 275, 281 (E.D.N.Y. 1999) (noting that where medical leave stretches beyond a year, courts have found as a matter of law that the employee cannot perform the essential functions of his position).

A few themes emerge from this weight of authority.[1] An accommodation must be designed to enable the employee to perform the essential functions of his job. Indeed, the EEOC Regulations specifically define "reasonable accommodations" to mean modifications or adjustments that "enable a qualified individual with a disability to perform the essential functions of that position." 29 C.F.R. § 1630.2(o)(ii). Medical leaves may be offered as an accommodation, but they must be short in duration and reasonably-related to accomplishing the goal of the ADA to get employees back to work. As a matter of law, no employer has to grant open-ended leaves in hopes that an employee will get better. This is especially true where, as

---

[1] Sears has found only one appellate court that has imposed an extension of a termination of leave policy. In *Garcia-Ayala v. Lederle Parenterals, Inc.,* 212 F.3d 638 (1st Cir. 2000), the court granted summary judgment for a plaintiff who had been dismissed under a one-year job reservation policy. Over a strong dissent, the court found that a three-month extension of the medical leave of absence was a reasonable accommodation. *Id.* at 650. In that case, there was evidence that the leave was not open-ended but instead based on a specific medical prognosis. *Id.* at 641, 648. There is no comparable allegation in this case.

here, the employer has already granted a most generous leave.[2] *See Shafnisky v. Bell Atlantic, Inc.,* 2002 WL 31513551 at *7; *Walton v. Mental Health Ass'n of S.E. Pa.,* 168 F.3d 661, 671 (3d Cir. 1999).

The EEOC has admitted in its allegations that Sears already has given John Bava and the members of the class a year-long leave. This is a leave far in excess of what is required under the ADA. It is apparent from the face of the Complaint that the employees could not and did not return to work after a year. Under established law, they were not protected by the ADA because they could not perform the essential functions of the job -- even with a year-long accommodation. There is no reasonable accommodation even hinted at that is related to any condition, prognosis or expected return of the employees. On these facts as alleged, the EEOC cannot state an ADA claim upon which any relief can be granted.

## CONCLUSION

For the foregoing reasons, Sears, Roebuck and Co. respectfully requests that this Court dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

One of the attorneys for Sears, Roebuck and Co.

---

[2] This rule is consistent with the Congressional Policy underlying the ADA, as well as a later statute, the Family and Medical Leave Act, 29 USC § 2601 *et seq.* ("FMLA"). The FMLA requires employers to give employees with serious illnesses (or family members with serious illnesses) up to twelve weeks of unpaid leave. The FMLA is meant to protect employees who cannot work. In contrast, the ADA is designed to protect employees with disabilities who can work. *Byrne v. Avon Products, Inc.,* 328 F.3d 371, 381 (7th Cir. 2003). It can be persuasively argued that the outside limit of a reasonable medical leave under the ADA should not exceed the twelve week requirement imposed by the FMLA.

Jeffrey S. Goldman (No. 0993654)
Deborah A. Devaney (No. 624101)
Lisa Z. Fain (No. 6272197)
Sonnenschein Nath & Rosenthal LLP
8000 Sears Tower
Chicago, Illinois 60606
(312) 876-8000


14415329

## CERTIFICATE OF SERVICE

I, Deborah A. Devaney, an attorney, hereby certify that I have caused a copy of the foregoing Sears' Memorandum Of Law In Support Of Its Motion To Dismiss The Complaint to be served upon:

> Ethan M. M. Cohen
> Aaron DeCamp
> Equal Employment Opportunity Commission
> Chicago District Office
> 500 West Madison Street
> Suite 500
> Chicago, IL 60661

via messenger this 10th day of January, 2005.

Deborah A. Devaney



Slip Copy
2004 WL 2965392 (3rd Cir.(Pa.))
(Cite as: 2004 WL 2965392 (3rd Cir.(Pa.)))

Page 1

### Briefs and Other Related Documents

Only the Westlaw citation is currently available.

This case was not selected for publication in the Federal Reporter.

NOT PRECEDENTIAL

Please use FIND to look at the applicable circuit court rule before citing this opinion. Third Circuit Local Appellate Rule 28.3(a) and Internal Operating Procedure 5.3. (FIND CTA3 Rule 28.0 and CTA3 IOP APP I 5.3.)

United States Court of Appeals,
Third Circuit.

Aurea FOGLEMAN, Appellant,
v.
GREATER HAZLETON HEALTH ALLIANCE;
Hazleton-Saint Joseph Medical Center; Joseph
Caputo; Timothy Farley, Individually and as a
supervisor at St. Joseph Medical
Center.

No. 03-4413.

Argued Oct. 28, 2004.
Decided Dec. 23, 2004.

On Appeal from the United States District Court for the Middle District of Pennsylvania. D.C. Civil Action No. 02-cv-01020. (Honorable James M. Munley).

Cynthia L. Pollick, (Argued), The Employment Law Firm, Pittston, Pennsylvania, for Appellant.

Frank A. Chernak, (Argued), Ballard Spahr Andrews & Ingersoll, Philadelphia, Pennsylvania, for Appellees.

Before SCIRICA, Chief Judge, FISHER and GREENBERG, Circuit Judges.

OPINION OF THE COURT

SCIRICA, Chief Judge.

*1 Aurea Fogleman challenges the District Court's judgment as a matter of law under Fed.R.Civ.P. 50 in favor of the defendants. We will affirm.

I.

Fogleman was employed as a pharmacy technician with Hazleton-Saint Joseph Medical Center in June 1999. She was terminated on June 20, 2000, on the grounds of excessive absenteeism and for failure to contact the Medical Center for three consecutive work days. Defendants also contend Fogleman was disciplined or counseled on several occasions for violations of the dress code, repetitive tardiness, and excessive use of the work telephone to make long-distance calls.

On September 15, 2000, Fogleman filed a workers' compensation claim seeking payment for lost wages from May 19 to June 2, 2000, and for full disability after June 3, 2000. Fogleman prevailed on these claims.

II.

Fogleman filed a complaint against Greater Hazleton Health Alliance, the Hazleton-Saint Joseph Medical Center, Joseph Caputo, her supervisor and director of the pharmacy, and Timothy Farley, vice president of human resources at Greater Hazleton Health Alliance. She alleged retaliation in violation of Title VII, discrimination and failure to accommodate in violation of the ADA, and violation of the Family Medical Leave Act ("FMLA"). After two days of testimony before a jury, the District Court granted defendants' motion for judgment as a matter of law under Fed.R.Civ.P. 50, dismissing Fogleman's complaint.

III.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review. Buskirk v. Apollo Metals, 307 F.3d 160, 165 (3d Cir.2002) ("We exercise plenary review over the grant or denial of a judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a).").

IV.

A. Retaliation Claim

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
2004 WL 2965392 (3rd Cir.(Pa.))
(Cite as: 2004 WL 2965392 (3rd Cir.(Pa.)))

Page 2

To advance a prima facie case of retaliation under Title VII, "a plaintiff must show that: (1) the employee engaged in a protected employee activity; (2) the employer took an adverse employment action after or contemporaneous with the employee's protected activity; and (3) a causal link exists between the employee's protected activity and the employer's adverse action." *Abramson v. William Paterson Coll. of N.J., 260 F.3d 265, 286 (3d Cir.2001)* (internal citations omitted).

The District Court rejected Fogleman's retaliation claim because she failed to establish the first prong, that she engaged in a protected activity. Fogleman contends the district court erred because her complaints about sexual harassment and a hostile work environment constituted protected activity.

Where an employee makes a complaint against an employer in good faith, the employer may not retaliate. *Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1085 (3d Cir.1996)* ("a plaintiff need not prove the merits of the underlying discrimination complaint, but only that he was acting under a good faith, reasonable belief that a violation existed.") (internal citations omitted). A plaintiff's belief may be mistaken, but employer retaliation is prohibited if the allegations of discrimination have an objectively reasonable basis in fact. *See Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 271 (2001); see also Weeks v. Harden Mfg. Corp., 291 F.3d 1307, 1312 (11th Cir.2002)* ("A plaintiff must not only show that he *subjectively* (that is, in good faith) believed that his employer was engaged in unlawful employment practices, but also that his belief was *objectively* reasonable in light of the facts and record presented. It thus is not enough for a plaintiff to allege that his belief in this regard was honest and bona fide; the allegations and record must also indicate that the belief, though perhaps mistaken, was objectively reasonable.") (emphasis in original).

**\*2** The District Court concluded that Fogleman did not have an objectively reasonable belief that she was subject to sexual harassment or a sexually hostile work environment. We agree. Fogleman argues that two episodes serve as the primary basis for the claim that her belief was objectively reasonable. The first is Caputo's statement regarding the color of Fogleman's underwear allegedly visible under her white uniform, which Fogleman argues gave rise to a good faith belief she was harassed. But the record fails to show that her belief was objectively reasonable. In the context in which that comment was made--a group discussion about the dress code _[FN1]_--the District Court concluded that a reasonable person would not believe that the comment constituted sexual harassment. *See, e.g., Clark County Sch. Dist., 532 U.S. at 271* ("simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment"). As the District Court concluded, it would not be reasonable to view "the single instance of her underwear being addressed [as] a means of sexually harassing her." We see no error.

> _FN1._ There is uncontradicted evidence that the discussion of Fogleman's underwear took place at a meeting where the dress code was discussed in front of other employees. Caputo testified that in the context of discussing the dress code he talked with Fogleman about her underwear showing through her white scrub pants. In her testimony, Fogleman characterized the events as a "meeting [where] everybody in the pharmacy was there .... my underwear were brought up.... It was stated that I was wearing colored underwear under my white scrubs." Emma Saxon, a co-worker and pharmacy technician, described the episode as "a meeting" where "we had discussed the dress code. Sneakers, no high-tops. It was black pants, black or navy blue. No colored undergarments, if you wore white. Like a white shirt, you couldn't wear a colored bra or anything."

The second episode cited by Fogleman concerns her interaction with two female co-workers. In *Bibby v. Philadelphia Coca Cola Bottling Co., 260 F.3d 257, 261 (3d Cir.2001)*, we articulated three scenarios in which a plaintiff can show same-sex harassment: where there is evidence that the harasser sexually desires the victim, where the harasser displays hostility to the presence of a particular sex in the workplace (*e.g.*, a male doctor making harassing statements to male nurses because he believes that men should not be nurses), or where the harasser believes that the victim does not conform to the stereotypes of the gender. *Id.* at 262-63. Fogleman presented no evidence that the two co-workers' conduct in question falls into any of *Bibby'* s same-sex discrimination categories. While the female co-workers' comments directed at Fogleman were crude, _[FN2]_ it would be objectively unreasonable to believe that their treatment of Fogleman constituted same-sex discrimination articulated in *Bibby.* _[FN3]_

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

FN2. They allegedly called her names and laughed at her in a demeaning way.

FN3. The District Court also found Fogleman did not present evidence of a causal relationship between the protected activity and her termination. Because we agree that Fogleman did not have an objectively reasonable belief that she was discriminated against, we do not reach this issue.

B. ADA Discrimination Claim

The ADA prohibits "covered employers from discriminat[ing] against a qualified individual with a disability because of the disability of such individual in regard to ... hiring, advancement, or discharge[.]" 42 U.S.C.A. § 12112. As we noted in *Jones v. United Parcel Service,* 214 F.3d 402, 407 (3d Cir.2000), the EEOC's interpretive guidelines state that once the qualified employee "has requested provision of a reasonable accommodation, the employer must make a reasonable effort to determine the appropriate accommodation ... through a flexible, interactive process that involves both the employer and the [employee]." [FN4] 29 C.F.R. Pt. 1630, App. § 1630.9, at 361. "To show that an employer failed to participate in the interactive process, a disabled employee must demonstrate: 1) the employer knew about the employee's disability; 2) the employee requested accommodations or assistance for his or her disability; 3) the employer did not make a good faith effort to assist the employee in seeking accommodations; and 4) the employee could have been reasonably accommodated but for the employer's lack of good faith." *Taylor v. Phoenixville Sch. Dist.,* 184 F.3d 296, 319-20 (3d Cir.1999).

FN4. "The goal of the interactive process is to help identify the precise limitations of the employee's disability and the potential options that could reasonably accommodate those limitations." *Jones v. United Parcel Service,* 214 F.3d 402, 407 (3d Cir.2000).

*3 The District Court found Fogleman failed to demonstrate that she requested accommodations or assistance for her disability. [FN5] Fogleman argues that she requested reasonable accommodation "in the nature of time off from work for treatment." [FN6] In some instances, it may be possible for a requested leave of absence to constitute a reasonable accommodation. *See, e.g.,* Regulations to Implement the Equal Employment Provisions of the Americans with Disabilities Act, 29 C.F.R. Pt. 1630, App. ("other accommodations could include ... providing additional unpaid leave for necessary treatment"). But, as we noted in *Conoshenti v. Public Service Electric & Gas Co.,* "the federal courts that have permitted a leave of absence as a reasonable accommodation under the ADA have reasoned, explicitly or implicitly, that applying such a reasonable accommodation at the present time would enable the employee to perform his essential job functions in the near future." 364 F.3d 135, 151 (3d Cir.2004). For example, in *Criado v. IBM Corp.,* 145 F.3d 437, 444 (1st Cir.1998), the plaintiff offered evidence that her leave would be temporary, allowing her doctor to design a treatment program that would eventually enable her to return to work . [FN7]

FN5. In December 1999 and February 2000, Fogleman fell at the hospital, resulting in a back injury. Fogleman was diagnosed with two herniated discs and nerve damage. She testified she was in constant pain and found it difficult to perform her duties at work.

FN6. Fogleman contends the Hazleton-Saint Joseph Medical Center, under its employee policies, should have offered her up to a year leave of absence.

FN7. Other courts have expressed doubt that substantial time off from work can constitute a reasonable accommodation. In *Byrne v. Avon Products,* 328 F.3d 379, 380-81 (7th Cir.2003), the plaintiff, like Fogleman, contended that under the ADA he should have been accommodated by being allowed not to work. The court rejected this interpretation of the ADA, explaining that "[n]ot working is not a means to perform the job's essential functions." *Id.* at 381.

In this case, a request for time off from work does not constitute a reasonable accommodation. The plaintiff bears the burden of identifying the reasonable accommodation. *See Skerski v. Time Warner Cable Co.,* 257 F.3d 273, 284 (3d Cir.2001). Unlike the plaintiff in *Criado,* Fogleman did not present evidence from which one could reasonably find that a leave of absence, beginning in June 2000 and extending for an unknown period of time, would have enabled her to perform the essential job functions within a reasonable amount of time. *See, e.g., Conoshenti,* 364 F.3d at 151. Nor does Fogleman identify record evidence that specifies the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

duration of the requested leave. There is no evidence that permits any conclusion other than that the requested leave was for an indefinite and open-ended period of time. This does not constitute a reasonable accommodation. *See, e.g., Rascon v. U.S. West Communications, Inc., 143 F.3d 1324, 1334 (10th Cir.1998)* ("[A]n indefinite unpaid leave is not a reasonable accommodation where the plaintiff fails to present evidence of the expected duration of her impairment."); *Peter v. Lincoln Technical Inst., 255 F.Supp.2d 417, 437 (E.D.Pa.2002)* ("[M]any courts have found that a request for indefinite leave is inherently unreasonable, particularly where there is no favorable prognosis.") (citing to the Fourth, Fifth, Sixth, and Tenth Circuits); *Shafnisky v. Bell Atlantic, Inc., 2002 WL 31513551, *11 (E.D.Pa. Nov. 5, 2002)* ("Open-ended disability leave is not a reasonable accommodation."). Not only did Fogleman fail to present evidence that she could eventually return to work after treatment, the record suggests the opposite. Fogleman testified that, after June 3, 2000, she had difficulty doing simple household chores. [FN8] Furthermore, Fogleman presented no evidence of a favorable diagnosis and she claimed in her application for workers' compensation that she was fully disabled. [FN9]

> FN8. She testified that she could not vacuum, do the dishes, take laundry out of the dryer, or make the bed. She had trouble pushing a grocery store cart and did not carry her own grocery bags. She also testified that she did not drive.

> FN9. While Fogleman's position that she was fully disabled in her workers' compensation claim does not preclude a finding that she is a qualified individual for purposes of her ADA claim, she should have offered evidence regarding how she could nevertheless perform the essential functions of her job with or without accommodation. *See Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 799 (1999); Motley v. N.J. State Police, 196 F.3d 160, 164-65 (3d Cir.1999).* Fogleman failed to do so.

## C. FMLA Claim

**\*4** The FMLA seeks to "balance the demands of the workplace with the needs of families" and "to entitle employees to take reasonable leave for medical reasons .... in a manner that accommodates the legitimate interests of employers." *29 U.S.C. § 2601(b)(1)-(3).* To further these objectives, the FMLA requires that "an eligible employee shall be entitled to a total of twelve workweeks of leave during any twelve month period" if the employee has a "serious health condition that makes the employee unable to perform the functions of the position of such employee." *29 U.S.C. § 2612(a)(1)(D).* [FN10] In protection of these rights, § 2615(a)(1) makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." Under the regulations, the employer must communicate with employees regarding their rights under the FMLA, providing individualized notice to employees regarding their FMLA rights and obligations. [FN11]

> FN10. "The term 'eligible employee' means an employee who has been employed--(I) for at least 12 months by the employer with respect to whom leave is requested under *section 2612* of this title; and (ii) for at least 1,250 hours of service with such employer during the previous 12- month period." *29 U.S.C. § 2611(2)(A).* In this case, the parties dispute whether Fogleman was employed for the requisite twelve months. Because we conclude that Fogleman could not return to work without accommodation, we do not reach this issue.

> FN11. Under *29 C.F.R. § 825.208(a),* "[i]n all circumstances, it is the employer's responsibility to designate leave, paid or unpaid, as FMLA-qualifying, and to give notice of the designation to the employee[.]"

Fogleman contends that Greater Hazleton did not advise her of her FMLA rights or the consequences of failing to provide a medical leave form. Relying on *Conoshenti v. Public Service Elec. & Gas Co ., 364 F.3d 135 (3d Cir.2004),* Fogleman argues that Greater Hazleton's failure to advise constitutes a violation of the FMLA. *Conoshenti* held that an employer's failure to advise could constitute a violation of one's FMLA rights, but only if the employee could show resulting prejudice. *Id.* at 144. To show prejudice, Fogleman must demonstrate that, had she been advised of her FMLA rights, she could have returned to work after the twelve-week leave. When an employee returns from FMLA leave, she "is entitled to be returned to the same position the employee held when she commenced, or to an equivalent position with equivalent benefits, pay, and other terms and conditions of employment." *29 C.F.R. § 825.214(a).* But, "if the employee is unable to perform an essential function of the position

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
2004 WL 2965392 (3rd Cir.(Pa.))
(Cite as: 2004 WL 2965392 (3rd Cir.(Pa.)))

Page 5

because of a physical or mental condition, including the continuation of a serious health condition, the employee has no right to restoration to another position under the FMLA." 29 CFR § 825.214(b). In light of this provision, we have said that the FMLA does not require "an employer to provide a reasonable accommodation to an employee to facilitate his return to the same or equivalent position at the conclusion of his medical leave." *Rinehimer v. Cemcolift, Inc.,* 292 F.3d 375, 384 (3d Cir.2002).

Fogleman cannot show prejudice because she did not establish that she would have been able to return to work at the end of the twelve-week period without accommodation. The FMLA does not require that the employer provide accommodation to an employee to facilitate her return. Rather, the employee must be able to perform the essential functions of the job without accommodation. Fogleman testified during cross-examination that she would have needed accommodations (the nature of which, she did not specify) to return to work. [FN12] Thus, Fogleman cannot show prejudice because her testimony establishes that she would not have been able to return to work without accommodation after the twelve-week period. *See, e.g., Sarno v. Douglas Elliman-Gibbons & Ives, Inc.,* 183 F.3d 155, 162 (2d Cir.1999) (declining to "interpret the FMLA as giving an employee a right to sue the employer for failing to give notice of the terms of the Act where the lack of notice had no effect on the employee's exercise of or attempt to exercise any substantive right conferred by the Act.").

> FN12. Q: Now, [from June 2000 to January 2001], there was never a time that you could have come back and done all of the essential functions of a pharmacy technician without any accommodation, right?
> A: No. If someone was willing to work with me, then I would have been able to do everything to my best ability, yes.
> Q: You needed accommodations to come back? A: Yes, sir.
> Q: You couldn't do the job without an accommodation?
> A: Right.
> Q: And no doctor has ever told you that you could go back and do all of the essential functions of the pharmacy technician job without an accommodation?
> A: Right.

V.

*5 For the foregoing reasons, we will affirm the District Court's judgment as a matter of law.

2004 WL 2965392 (3rd Cir.(Pa.))

**Briefs and Other Related Documents** (Back to top)
• 03-4413 (Docket) (Nov. 13, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.