IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>            Plaintiff,<br><br>v.<br><br>SEARS, ROEBUCK AND CO.,<br>            Defendant. | )<br>)<br>)<br>)<br>)  No. 04 C 7282<br>)<br>)  Judge Andersen<br>)  Magistrate Judge Cox<br>)<br>)<br>) |

## CONSENT DECREE

### THE LITIGATION

1.      Plaintiff Equal Employment Opportunity Commission (the "EEOC") filed this action on November 10, 2004 alleging that Defendant Sears, Roebuck and Co. ("Sears"), violated Title I of the Americas with Disabilities Act ("ADA"), 42 U.S.C. § 12112, by terminating John Bava and a class of employees who had exceeded Sears' inflexible one-year workers' compensation leave policy. According to EEOC in this litigation, after one year of leave Sears automatically terminated employees who were on workers' compensation leave due to a disability resulting from a work-related injury and failed to accommodate these employees. In the litigation, EEOC alleged that appropriate accommodations could have included an extension of the one-year leave of absence period or the return to work in an available position for which the employee was qualified with or without a reasonable accommodation. EEOC did not allege that Sears retaliated against any employee in violation of the ADA. In response, Sears denied that its policy failed to provide for reasonable accommodation of employees with disabilities and denied that its policy inflexibly provided for termination of such employees' employment. Sears further contended that many of the claimants on whose behalf EEOC pursued claims under the ADA were not disabled as defined by the ADA, were not qualified individuals with disabilities under the ADA, or asserted claims that were time barred by the applicable statutes of limitation.

2.      In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Consent Decree (hereafter "Decree").  This Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by EEOC in this action. Neither party admits the claims or defenses of the other.

## FINDINGS

3.      Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

a. This Court has jurisdiction of the subject matter of this action and of the parties.

b. The terms of this Decree are adequate, fair, reasonable, equitable, and just.  The rights of EEOC, John Bava, the claimants, and the public interest are adequately protected by this Decree.

c. This Decree conforms with the Federal Rules of Civil Procedure and the ADA and is not in derogation of the rights or privileges of any person.  The entry of this Decree will further the objectives of the ADA, and will be in the best interests of the parties, John Bava, the claimants, and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

## INJUNCTION AGAINST DISABILITY DISCRIMINATION

4.      Sears and its officers, agents, employees, successors and assigns, and all persons acting in concert with it are hereby enjoined from discriminating on the basis of disability by not providing reasonable accommodation(s) to persons desiring to return to work from a workers' compensation leave of absence.

## INJUNCTION AGAINST RETALIATION

5.      Sears, its officers, agents, employees, successors, assigns and all persons acting in concert with it shall not engage in any form of retaliation against any person because such person has opposed any practice as unlawful under the ADA, filed a Charge of Discrimination under the

ADA, testified or participated in any manner in any investigation, proceeding, or hearing under the ADA, or asserted any rights under this Decree.

## MONETARY RELIEF

6.  Within fifteen (15) days of the Approval of this Decree ("Approval Date") by the District Court, Sears shall cause to be established a Qualified Settlement Fund under §468(b) of the Internal Revenue Code hereunder in the principal amount of six million, two hundred thousand dollars ($6,200,000) for the purpose of providing individual monetary awards to Eligible Claimants. The Claims Administrator shall have authority to issue checks from the account to Eligible Claimants. EEOC shall have the sole authority to determine the class of individuals who are Eligible Claimants and the amount to be paid to each Eligible Claimant in accord with procedure outlined in the following paragraphs regarding the claims procedure.

## CLAIMS PROCEDURE

7.  EEOC shall select a Claims Administrator who shall: (a) mail notices and forms relating to settlement, claims forms and claims notices; (b) receive claims forms; (c) transmit notifications of monetary awards; (d) issue checks to Eligible Claimants from the Settlement Fund; (e) issue related tax documents; and (f) perform such other administrative tasks as it may deem necessary to facilitate the claims process. All expenses, fees, and costs of the Claims Administrator shall be paid by Sears.

    A.  **Identification of Claimants**. Within three (3) days of the Approval Date, EEOC shall transmit to the Claims Administrator a computer-readable list containing the full names, social security numbers (where available to EEOC), and last known addresses for all of the Claimants that have previously been identified by EEOC to Sears, each of whom submitted a form to EEOC during this litigation indicating a desire to participate as a Class Member in this litigation. Prior to submitting the list of Claimant names, addresses and known social security numbers to the Claims Administrator, EEOC shall provide Sears an opportunity to review the list so that Sears can verify the accuracy of the list's contents, provided, however, that EEOC has the unfettered and exclusive

right to identify the Claimants, and this cannot be challenged by Sears.

B. **Mailing of Claims Packages**. Within fourteen (14) days after the Approval Date, the Claims Administrator shall mail, via United States Mail, return receipt, a cover letter from EEOC containing notice of the settlement and an explanation of the claims procedure and a claim form ("Claim Package"), all in the form attached as Exhibit A, to all known Claimants at their last known address. The Claims Administrator shall make reasonable efforts to locate Claimants whose Claim Packages are returned as undeliverable.

C. **Submission of Claim Forms**. Claimants who seek to recover monetary compensation must complete a claim form and cause it to be received by the Claims Administrator within sixty (60) days after the Approval Date. The claim form must be received by the Claims Administrator on or before such date in order to be considered. All claim forms must be signed under penalty of perjury to be considered. Any person whose claim form is not actually received by the Claims Administrator within sixty (60) days of the Approval Date shall be forever barred from receiving any relief under this Decree or in connection with this action.

1. **Late Claims**. For claims received after the filing deadline, the Claims Administrator shall notify late-filing claimants that their claims are untimely and that they are not eligible for any monetary award. The Claims Administrator shall also inform late-filing claimants that they may seek a review of the determination that they filed untimely by requesting EEOC to reconsider its determination. EEOC may reverse its determination that a claim was not timely filed if it determines that the claim form was in fact actually received on or before the filing deadline and that the untimeliness determination is erroneous. EEOC may also reverse its decision if EEOC's last known address information was demonstrably incorrect and the claim form is actually received prior to EEOC filing its petition for Entry of the Order Approving the Allocation of Settlement Funds (*see* Paragraph 7(G), herein).

2. **Claims of Deceased Persons**. Claims may be filed on behalf of deceased claimants through representatives of their estate or next of kin if appropriate documentation (*e.g.*,

4

letters testamentary or the equivalent) is provided. Any claims paid to a deceased claimant shall be made payable to the estate of the deceased claimant.

    D.    **Forwarding of Claim Forms to EEOC**.  The Claims Administrator shall forward claim forms and supporting documentation to EEOC on a rolling basis.

    E.    **Determination of Claims**.  Within one hundred twenty (120) days of the Approval Date, EEOC shall make a determination as to whether the Claimants who filed timely claims are eligible to receive a monetary award and, if so, EEOC shall determine the amount of each monetary award.  In making such determinations, EEOC may consider whatever evidence EEOC deems appropriate, including, but not limited to, evidence received by EEOC in its investigation of the charge of discrimination underlying this action, in connection with its litigation of this action, and in connection with the claims process provided by this Decree.  If a claim form is determined to be incomplete by EEOC, EEOC shall request in writing additional information from the Claimant, if it appears that such additional information would complete the Claim Form.  EEOC shall make all such requests no later than ninety (90) after the Approval Date.  The Claimant must provide the requested information, signed under penalty of perjury, to EEOC by mail so that it is actually received by EEOC no later than fourteen (14) days from the date of the mailed request for information.  Any Claimant determined by EEOC to be entitled to receive a monetary award shall be deemed an "Eligible Claimant" for the purposes of this Decree.

    1.    **Factors Bearing on Allocation of Monetary Relief**.  EEOC will determine the amount of each Eligible Claimant's monetary award in its sole discretion based on the following factors: the extent to which the Claimant suffered from a physical or mental impairment that caused him or her to be substantially limited in a major life activity at the time of his or her termination by Sears; the extent to which the Claimant could have worked in any position at Sears during and subsequent to his or her workers' compensation leave of absence with or without a reasonable accommodation; whether the Claimant was offered the opportunity to return to work at Sears in a position that was consistent with the Claimant's disability during or subsequent to his or her

5

workers' compensation leave of absence; whether the claimant worked subsequent to his or her work for Sears; whether the claimant's termination occurred within three-hundred days prior to the date of the filing of the charge that resulted in this litigation; whether the Claimant was a Charging Party; and time or effort devoted to the litigation by the Claimant.

2. **Information in Sears' Possession**. Sears may be asked by EEOC to provide information and data that has not already been provided to EEOC that is necessary to make award determinations. EEOC shall make all such requests no later than ninety (90) after the Approval Date. Sears will respond to all EEOC requests for information relating to the Claimants within fourteen (14) days of the receipt of the request, or as soon as practicable, by providing all responsive documents and information available to Sears. The information requested by EEOC of Sears pursuant to this paragraph shall be limited to the Claimants' prior jobs, job duties and titles, work histories, dates of termination, dates of leave and any other information that is reasonably available to Sears relating to the Claimants without significant additional production expense to Sears.

3. **Allocation of Monetary Relief**. EEOC shall be the sole determiner of the amount of monetary relief to be received by any Eligible Claimant under this Decree. Sears will not participate in or object to EEOC's determinations.

4. **Confidentiality of Claim Forms.** Claim Forms received by EEOC shall be treated as confidential and not disclosed to Sears or any other person or entity, except that such Claim Forms may be submitted confidentially to the Court if requested by the Court.

F. **Notification of Awards**. Within seven (7) days of the review and determination of all claims, EEOC shall cause the Claims Administrator to notify each Claimant (both Eligible Claimants as well as those not receiving a monetary award) via U.S. First Class Mail of the amount of his/her monetary award, if any, and of the date of Approval of Allocation of Settlement Funds. The Notification of Award shall indicate that the award is subject to review or modification only by the Court.

G. **Release of Claims**. Along with the Notification of Award, the Claims Administrator

shall mail to each Eligible Claimant a Release (a copy of which is attached hereto as Exhibit B). Each Eligible Claimant will be notified that in order to receive monetary payments under this Decree, he/she must execute and deliver to the Claims Administrator a Release, which will become effective upon the entry of the Order Approving the Allocation of Settlement Funds.  The letter will inform each Eligible Claimant that such Release must be signed and mailed to the Claims Administrator so that it is actually received by the Claims Administrator within forty-five (45) days of the mailing of the Notification of Award.  Any Eligible Claimant whose executed Release is not actually received by the Claims Administrator within forty-five (45) days of the mailing of the Notification Award shall be ineligible for and forever barred from receiving any relief under this Decree.  If the District Court modifies the allocation of settlement funds as petitioned by EEOC, the Claims Administrator shall mail to each Eligible Claimant whose settlement amount has been modified a new Release indicating the new settlement amount within five (5) days of the Court's modification.  Each Eligible Claimant whose settlement amount has been modified will receive an extra forty-five (45) days to mail back the new Release.  Any eligible claimant whose executed Release is not actually received by the Claims Administrator within forty-five (45) days of the mailing of the new Notification Award shall be ineligible for and forever barred from receiving any relief under this Decree.  The Claims Administrator shall provide all original signed Releases to Sears.

H.         **Motion for Approval of Allocation of Settlement Funds.**  Upon the determination of all claims, EEOC shall file a motion with the District Court seeking approval of the allocation of the Settlement Fund among those Eligible Claimants who have executed and timely returned the Release.  In connection with this motion, EEOC shall file a proposed settlement distribution list, which shall contain the name and proposed gross settlement amount for each Eligible Claimant. Sears shall not challenge the proposed settlement distribution list.  After appropriate review, in connection with which EEOC shall provide any information within EEOC's possession which the Court requests, the Court will enter an Order Approving the Allocation of the Settlement Funds and

the distribution thereof pursuant to this Consent Decree.

I.       **Distribution of Settlement Fund**.  Within fourteen (14) days of the receipt of Notification from EEOC that the Order Approving the Allocation of the Settlement Funds by the Court has been entered, the Claims Administrator shall issue and mail two checks (allocated as provided in Paragraph J below) to each Eligible Claimant in the gross amount reflected in the final settlement distribution list.

J.       **Tax Treatment of Monetary Awards**.  The monetary awards shall be allocated 25 % to lost wages and 75 % to compensatory damages.  An IRS Form W-2 shall be issued to each Eligible Claimant with regard to the lost wage component of the monetary award, and an IRS Form 1099 shall be issued to each Eligible Claimant with regard to the compensatory damages component of the monetary award.

8.   In the event that checks are returned and the Settlement Fund is not completely distributed for any reason within one hundred and twenty (120) days after the Order Approving the Allocation of Settlement Funds of this Decree, the remaining sum shall become part of a *cy pres* fund to be distributed to Equip for Equality.

## POSTING OF NOTICE

9.       Within twenty-one (21) calendar days after entry of this Decree, Sears shall post at each of its locations (including each of its stores) same-sized copies of the Notice attached as Exhibit C to this Decree on bulletin boards usually used by Sears for communicating with all its employees. The Notice shall remain posted for 3 years from the date of entry of this Decree.

10.      Sears shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material.  Sears shall certify to EEOC in writing within twenty-one (21) calendar days after entry of this Decree that it has used its best efforts to ensure that the Notice has been properly posted and that it is unaware of any Sears location in which the Notice has not been posted.  Sears shall permit a representative of EEOC to enter its premises for purposes of verifying compliance with this Paragraph at any time during business hours.

RECORDKEEPING

11.     For a period of three (3) years following entry of this Decree, Sears shall maintain a record of its attempts to accommodate all employees who have been on a leave of absence due to a workers' compensation injury for the period beginning forty-five (45) days prior to the expiration of the maximum period permissible under Sears' leave of absence policy (such period hereinafter referred to as the "Leave End Accommodation Period").  Such records shall include each employee's name, address, and phone number; a description of each employee's job; a description of each employee's known injury and physical condition (including copies of any doctor's releases to return to work obtained by Sears or its agents during the employee's workers' compensation leave); date that each employee's leave began and termination date (if any); a description of any accommodations discussed with each employee and considered by Sears; information regarding whether each employee returned to work at Sears; a list of all positions that are open at the Sears location at which the employee worked prior to going on workers' compensation leave at any time during the Leave End Accommodation Period and continuing through the end of the employee's leave; and identification of the personnel who handled the accommodation or termination process for the employee.

12.     Sears shall make all documents or records referred to in Paragraph 11 above, available for inspection and copying within ten (10) business days after EEOC so requests.

REPORTING

13.     Sears shall furnish to EEOC written reports semi-annually for a period of three (3) years following entry of this Decree.  The first report shall be due six months following the Approval Date, and the reporting shall continue every six months thereafter though the final report shall be submitted sixty (60) days prior to the date set for termination of the Decree at the time that it is finally entered.  In accord with the records maintained under Paragraph 11, each such report shall contain the following information for each employee on workers' compensation leave who has been on leave during the Leave End Accommodation Period:  the Documentation of

Accommodation Process Form completed by the Sears personnel with responsibility for determining whether an employee on a leave of absence due to a workers' compensation injury during the Leave End Accommodation Period can be accommodated (hereinafter, the "Centralized Leave Management Team") (or all the information required to be on this form as of the Entry of this Decree if Sears discontinues its use of this form); any health care provider certification forms and/or doctors releases obtained by Sears or its agent for each employee relating to the employee's most recent/current medical status; a list of all positions that are open at the Sears Location at which the employee worked prior to going on workers' compensation leave at any time during the Leave End Accommodation Period and continuing through the end of the employee's leave; and the last known contact information for each employee. If EEOC so requests, the parties shall meet within twenty-one (21) days of the submission of any report to discuss its contents. Sears shall also provide a certification that it has used its best efforts to ensure that the Notice required by Paragraph 9 has been properly posted for the six-month period preceding the report, and that it is unaware of any Sears location in which the Notice has not been posted (or, that if Sears became aware of a location in which the Notice was not properly posted, it took immediate steps to ensure that the Notice became properly posted).

## TRAINING

14.     During each of the three (3) years covered by this Decree, all employees of the Centralized Leave Management Team shall be trained regarding the duty to accommodate employees under the Americans with Disabilities Act; the intersection between workers' compensation laws and the Americans with Disabilities Act; and Sears' procedures for providing accommodations to employees on a leave of absence due to a workers' compensation injury. The first training shall take place within ninety (90) days of entry of this Decree.

15.     Sears shall obtain the EEOC's approval of its proposed trainer(s) prior to the training session. The trainer may be a Sears employee with the requisite knowledge and qualifications. Sears shall submit the name, address, telephone number, resume, training proposal, and any

materials to be distributed to the participants, to the EEOC at least fifteen (15) days prior to the proposed date(s) of the training. The EEOC shall have five (5) calendar days from the date of receipt of the information described above to accept or reject the proposed trainer(s).  In the event the EEOC does not approve Sears's designated trainer(s), Sears shall have five (5) calendar days to identify an alternate trainer(s).  The EEOC shall have five (5) calendar days from the date of receipt of the information described above to accept or reject the alternate trainer(s).  If the parties cannot, through this process, agree on a trainer(s), then they may seek the Court's assistance under Paragraph 21.

16.     Sears shall certify to the EEOC in writing within five (5) business days after each training has occurred that the training has taken place and that the required personnel have attended. Such certification shall include: (i) the date, location and duration of the training; and (ii) a copy of an attendance list, which shall include the name and position of each person in attendance. Sears shall provide EEOC with copies of all materials distributed to the participants if different from those materials previously provided.

<u>REVISION OF SEARS' POLICIES AND COMMUNICATIONS WITH ITS EMPLOYEES ON WORKERS' COMPENSATION LEAVE REGARDING DISABILITY DISCRIMINATION AND ACCOMMODATIONS</u>

17.     Within twenty-eight (28) calendar days of the date of the entry of this Consent Decree, Sears will revise its policies prohibiting discrimination on the basis of disability and providing reasonable accommodations to include, at a minimum, the following:

A.     No later than forty-five (45) days prior to leave end for an employee on a leave of absence due to a workers' compensation injury, Sears will inform the employee of his or her right to request a reasonable accommodation to allow the employee to return to work at Sears.  Employees will be informed that reasonable accommodations may include (but are not limited to) any of the following: modified duty, part-time work, reassignment to a different position, additional leave, and assistive devices.  Sears will also inform employees that if there is no position in the Sears Location at which the employee worked prior to going on leave that can accommodate the employee's

11

restrictions and the employee would like to relocate to another Sears Location or business unit, Sears' Centralized Leave Management Team will reasonably assist the employee in locating an open position for which the employee can qualify with or without a reasonable accommodation outside the Sears Location or business unit where the employee previously worked.

    B.    For the duration of the Decree, Sears shall maintain a Centralized Leave Management Team which will be responsible for ensuring that the implementation of Sears' workers' compensation policy is compliant with the Americans with Disabilities Act as detailed in this Decree. All requests for accommodation from employees who have been on a leave of absence due to a workers' compensation injury during the Leave End Accommodation Period shall be referred to Sears' Centralized Leave Management Team. No employee on such a leave of absence will be terminated without the approval of a member of Sears' Centralized Leave Management Team.

18.    Within twenty-eight (28) calendar days of the entry of this Consent Decree, Sears will revise the documents that are provided to employees on leaves of absence due to a workers' compensation injury to include, at a minimum, the following:

    A.    A revised leave-end letter to be sent via certified mail at the start of the Leave End Accommodation Period to any employee who has been on a leave of absence due to a workers' compensation injury. This leave-end letter must inform the employee of the ability to request a reasonable accommodation to enable the employee to return to work including but not limited to any of the following: modified duty, part-time work, reassignment to a different position, additional leave, and assistive devices. The letter must instruct the employee to direct all such requests to Sears' Centralized Leave Management Team and include a phone number and e-mail address for the Centralized Leave Management Team. The letter must explain to the employee that the failure to respond to the letter may result in termination upon the expiration of the leave period.

    B.    A revised Health Care Provider Certification to be sent with the revised leave-end letter at the start of the Leave End Accommodation Period to any employee who has been on a workers' compensation leave of absence due to a workers' compensation injury. This Health Care

Provider Certification will request that the health care provider identify any major life activities in which the employee is limited and identify any accommodations that the health care provider recommends for the employee including reassignment to another position. It will be the employee's responsibility to obtain from his or her health care provider and return to Sears a completed Health Care Provider Certification form. No employee who requests an accommodation and who has made an effort to obtain a health care provider certification form shall be terminated solely because a health care provider certification form has not been completed in a timely manner by his or her health care provider; however, Sears reserves the right to terminate an associate whose claimed need for an accommodation is not otherwise substantiated.

    C.    For each employee who does not respond to the revised leave-end letter described in Paragraph 18.A, Sears will send, via certified mail, a final leave-end letter to the employee at least ten (10) business days prior to the termination of each such employee. This final leave-end letter will inform the employee of his or her ability to request a reasonable accommodation to enable the employee to return to work and that he or she will be terminated in the absence of such a request.

19.    Prior to the termination of any employee on workers' compensation leave at the end of the Leave End Accommodation Period, Sears will also request from Sears' third party workers compensation administrator, a copy of any doctor's releases for review by the Centralized Leave Management Team.

20.    The inclusion of Paragraphs 17-19 in the Decree does not represent the Court's or EEOC's approval of Sears's policies regarding the workers' compensation leave end accommodation process.

## DISPUTE RESOLUTION

21.    In the event that any party to this Decree believes that any other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-complying party fifteen (15) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying

party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within fifteen (15) business days, the complaining party may apply to the Court for appropriate relief.

## DURATION OF THE DECREE AND RETENTION OF JURISDICTION

22.     All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of three (3) years immediately following the date of the Approval Date, provided, however, that if, at the end of the 3-year period, any disputes under Paragraph 21, above, remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) with respect to only the issue(s) then in dispute until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

23.     Each party to this Decree shall bear its own expenses, attorneys' fees, and costs.

24.     The terms of this Consent Decree shall be binding upon the present and future directors, officers, managers, agents, successors and assigns of Sears. Sears, and any successor(s) of Sears, shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Sears, or any successor of Sears, prior to the effectiveness of any such acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

25.     Certifications made by Sears must be made under oath. When this Decree requires the submission by Sears of reports, certifications, notices, or other materials to EEOC, they shall be mailed to: Ethan Cohen and Aaron DeCamp, Trial Attorneys, Equal Employment Opportunity Commission, 500 West Madison Street, Suite 2000, Chicago, Illinois, 60661. When this Decree requires submission by EEOC of materials to Sears, they shall be mailed to: Stephen L. Sitley, Vice President and Deputy General Counsel, c/o Sears, Roebuck and Co., 3333 Beverly Road, Hoffman Estates, Illinois, 60179.

**ENTERED AND APPROVED FOR:**

| | |
|---|---|
| For the EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>1801 L Street, N.W.<br>Washington, D.C. 20507 | For SEARS, ROEBUCK AND CO. |

_____            _____
JOHN C. HENDRICKSON                                         STEPHEN L. SITLEY
Regional Attorney                                                      Vice President and Deputy General Counsel

_____
GREGORY GOCHANOUR
Supervisory Trial Attorney

_____
AARON DECAMP
Trial Attorney

_____
ETHAN M.M. COHEN
Trial Attorney

ENTER:                                                                         DATE:

*/s/ Wayne Andersen*                                                September 29, 2009
The Honorable Wayne Andersen
United States District Judge

## EXHIBIT A

**Draft claims package**

Cover letter – notice of settlement & explanation of procedure

Claims form

**EXHIBIT B**

Case 1:04-cv-07282   Document 123   Filed 09/29/2009   Page 17 of 20

**RELEASE AGREEMENT**

I, _____, in consideration for $ _____ paid to me by Sears, Roebuck and Co., in connection with the resolution of EEOC v. Sears Roebuck and Co., Case No. 04 C 7282 (N.D. Ill.), waive my right to recover for any claims of disability discrimination arising under the Americans with Disabilities Act, that I had against Sears, Roebuck and Co. prior to the date of this release and that were included in the claims alleged in EEOC's complaint in EEOC v. Sears Roebuck and Co., Case No. 04 C 7282 (N.D. Ill.).

Date: _____    Signature: _____

**EXHIBIT C**

## NOTICE TO ALL SEARS ROEBUCK AND CO. EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in *EEOC v. Sears Roebuck and Co.*, Case No. 04 C 7282 (N.D.Ill.) resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Sears, Roebuck and Co. ("the Company").

In its suit, the EEOC alleged that the Company violated the Americans with Disabilities Act ("ADA") by terminating a class of employees who had exceeded Sears' inflexible one-year leave of absence period. According to the EEOC in this litigation, after one year of leave Sears automatically terminated employees who were on workers' compensation leave due to a disability resulting from a work-related injury and failed to accommodate these employees. In response, Sears denied that its policy failed to provide for reasonable accommodation of employees with disabilities and denied that its policy inflexibly provided for termination of such employees' employment. Neither party admits the claims or defenses of the other. To resolve the case, the Company and the EEOC have entered into a Consent Decree that provides, among other things, that:

1) the Company will make individual payments to eligible Claimants in settlement of the claims;

2) the Company will not discriminate against employees in violation of the ADA by not providing reasonable accommodations to persons desiring to return to work from a workers' compensation leave of absence or retaliate against employees who have made allegations of disability discrimination or participated in any way in a proceeding involving disability discrimination; and

3) the Company will provide training to designated Sears human resources personnel.

The EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age or disability. If you believe you have been discriminated against, you may contact the EEOC at (312) 353-7511. The EEOC charges no fees and has employees who speak languages other than English.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

**This Notice must remain posted for 3 years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: The Sears ADA Leave Settlement, EEOC, 500 West Madison Street, Suite 2000, Chicago, Illinois 60661.**

_____                                                                  _____
Date                                                                                            The Honorable Judge Anderson